```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


SIXX GUNNER MUSIC, ET AL.,   )
        Plaintiffs           )
                             )
           v.                )    C.A. No. 09-cv-30071-MAP
                             )
THE QUEST, INC.,             )
        Defendant            )
```

### MEMORANDUM AND ORDER REGARDING
### PLAINTIFFS' MOTION FOR DAMAGES,
### PERMANENT INJUNCTION, AND ATTORNEY'S FEES
(Dkt. No. 21)

April 15, 2011

PONSOR, D.J.

## I. INTRODUCTION

In this copyright infringement action, Plaintiffs, who are members of the American Society of Composers, Authors, and Publishers ("ASCAP"), sued Defendant The Quest, Inc., the owner of a small bar in Agawam, Massachusetts, for playing copyrighted songs from a jukebox without a license. On May 15, 2010, this court granted Plaintiffs' Motion for Summary Judgment (Dkt. No. 15), which was unopposed. Plaintiffs now move for a damages award totaling $22,000,

attorney's fees totaling $18,495,[1] and an injunction prohibiting future infringements. (Dkt. No. 21.) For the reasons stated below, Plaintiffs' motion will be allowed in part and denied in part. The court will award Plaintiffs $14,000 in damages, $18,495 in attorney's fees, and the requested injunction.

## II. FACTUAL BACKGROUND

The facts are straightforward and undisputed. Plaintiffs are members of ASCAP and hold copyrights to numerous songs. Defendant is a Massachusetts corporation that owns and operates Michael Anthony's Bar & Grill ("Michael Anthony's") in Agawam, Massachusetts. Plaintiffs assert that representatives of ASCAP first contacted Defendant on April 24, 2002, regarding the unauthorized use of copyrighted music, and later contacted Defendant more than forty times, without success.

On September 26, 2008, Plaintiffs sent an investigator to Michael Anthony's to take notes on copyrighted songs

---

[1] Plaintiffs had originally requested $15,960 when they first filed their motion and later supplemented the motion with a request for additional fees in the amount of $2,535 for work performed since the filing of their original motion.

played by a disc jockey throughout the night. The investigator remained for four hours, noting that the disc jockey played forty-nine songs, four of which -- *Wildside*, *Plush*, *You Shook Me All Night Long*, and *Alive* -- were subject to copyright protection by ASCAP.

### III. DISCUSSION

Defendant has not disputed the allegation that the above songs were played and did not oppose summary judgment on the issue of liability. The only remaining issue for this court to decide is the appropriate remedy.

Where a finding of infringement is made, the copyright owner is entitled under 17 U.S.C. § 504(c)(1) to damages between $750 and $30,000 for each count; under 17 U.S.C. § 505 to costs including reasonable attorney's fees; and under 17 U.S.C. § 502(a) to an injunction in the copyright owner's favor. This statute not only "compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F. W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233 (1952). Where, as here, no proof of actual damage is offered, the issue of statutory damages is "resolved by the discretionary judgment" of the

3

district court. Morley Music Co. v. DickStacey's Motel, Inc., 725 F.2d 1, 2 (1st Cir. 1983). "Among the factors for the court to consider in awarding damages are (1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiffs, (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent." Polygram Int'l Publishing, Inc. v. Nevada/TIG, Inc., 855 F. Supp. 1314, 1335 (D. Mass. 1994). The damages awards in such cases generally range from two to six times the amount saved by the defendant by not paying the license fees. See Sony BMG Music Entertainment v. Tenenbaum, 721 F. Supp. 2d 85, 110 (D. Mass. 2010); EMI Mills Music, Inc. v. Empress Hotel, Inc., 470 F. Supp. 2d 67, 75 (D. P.R. 2006).

Here, if Defendant had been properly licensed by ASCAP from April 24, 2002, through December 31, 2009, Defendant would have paid license fees totaling $7,213.06. (Dkt. No. 21, Ex. 1, Jones Decl. ¶ 8.) In addition, the expense to ASCAP for its investigation on September 26, 2008, amounted to $552.03. (Id. ¶ 9.) Plaintiffs seek $5,500 in damages for each of the four counts (i.e., songs), totaling $22,000, or approximately three times the unpaid license fees.

Defendant urges the court to award the statutory minimum of $750 per count, totaling $3,000, or less than half the unpaid license fees.

An award in the middle ground of $3,500 per violation, totaling $14,000, or approximately twice the unpaid fees, is proper here. Considering that the court's award should be designed to have a deterrent effect, see F. W. Woolworth Co., 344 U.S. at 233, awarding Plaintiffs the statutory minimum is not a realistic option, where, as noted, such an award would total less than half the unpaid fees. Additionally, as Plaintiffs point out, Defendant received multiple notifications that Michael Anthony's was illegally using copyrighted music, which supports an inference that the violations were willful.

Nonetheless, several mitigating factors warrant an award at the lower end of the damages spectrum. First, Michael Anthony's is a small neighborhood bar that can accommodate fewer than one hundred individuals at any given time. On the night in question, according to Plaintiffs' own investigator, three patrons were present when he arrived, ten were present when he left, and the crowd

swelled to sixteen at the height of the evening. Defendant's gross bar receipts totaled less than $300. Certainly, the fact that Defendant reaped minimal benefits from its misconduct compels the court to exercise restraint in arriving at a damages award.

Second, the court is confident that an award of $14,000 will have the requisite deterrent effect. The same punishment may be felt differently by different wrongdoers depending on their size and their metaphorical pain threshold. A $14,000 damages award, compounded by nearly $20,000 in attorney's fees, as well as the cost of Defendant's own representation, would be enough to make the owner of even a considerably larger establishment wince.

Third, and finally, Defendant has since demonstrated a willingness to change its ways. Shortly after this lawsuit commenced, Defendant entered into a contract with Broadcast Music, Inc. ("BMI"), a competitor of ASCAP, for the right to play copyrighted music at Michael Anthony's. While Plaintiffs correctly note both that ASCAP owns copyrights to different songs and that Defendant's change of heart was untimely, Defendant's decision to seek out a license with

BMI indicates that this litigation has already produced the desired result.

Consequently, the court will award Plaintiffs $3,500 per violation, totaling $14,000 in damages, plus the requested $18,495 in attorney's fees, which Defendant does not challenge. In addition, the court will allow Plaintiffs' request for a permanent injunction preventing Defendant from further use of Plaintiffs' copyrighted material without first obtaining a license.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Damages, Permanent Injunction, and Attorney's Fees (Dkt. No. 21) is hereby ALLOWED IN PART and DENIED IN PART. The court hereby awards Plaintiffs $14,000 in damages, $18,495 in attorney's fees, and a permanent injunction preventing Defendant from further use of Plaintiffs' copyrighted material without first obtaining a license. This case may now be closed.

It is So Ordered.

<u>/s/ Michael A. Ponsor</u>
MICHAEL A. PONSOR
U. S. District Judge